

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

APR - 6 2022

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | No. 1:22-CR 2 7 |
| | § | |
| v. | § | *Crone – Hawthorn* |
| | § | |
| JUAN CARLOS RIVAS-MOREIERA, | § | |
|     a/k/a "JUAN CARLOS MORIERA," | § | |
|     a/k/a "STOCKY" (1); | § | |
| DIMAS ALFARO-GRANADOS, | § | |
|     a/k/a "TORO" (2); | § | |
| RAUL LANDAVERDE-GIRON, | § | |
|     a/k/a "DECENTE"; | § | |
|     a/k/a "HUMILDE" (3); | § | |
| LARRY NAVARETE, | § | |
|     a/k/a "NICA"; | § | |
|     a/k/a "EL SOCIO" (4); | § | |
| JORGE PARADA, | § | |
|     a/k/a "RAMA" (5); | § | |
| HECTOR RAMIRES, | § | |
|     a/k/a "CUERVO" (6); and | § | |
| SERGIO SIBRIAN | § | |
|     a/k/a "ANYTIME" (7) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT ONE

*Conspiracy to Participate in a Racketeering Enterprise*

### Introduction

### The Racketeering Enterprise:  MS-13

1.      At all times relevant to this Indictment, the defendants JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, were members and associates of *La Mara Salvatrucha* (hereinafter "MS-13" or the "Enterprise"), a transnational criminal organization with members located throughout the Eastern District of Texas, New York, California, Massachusetts, Maryland, Virginia, Georgia, El Salvador, Mexico, Honduras, and elsewhere in the United States and the world. MS-13 has tens of thousands of members worldwide. Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, assault, as well as other criminal activity, including narcotics trafficking, witness tampering, and witness retaliation.

## History of MS-13

2.      MS-13 was established in the 1980s in the United States by Central American immigrants in southern California. Many of these immigrants were refugees from civil wars in Central America. Immigrants from El Salvador, Honduras, and Guatemala joined together into neighborhood groups calling themselves the "Mara Salvatrucha Stoners." The "Mara Salvatrucha Stoners" evolved into a street gang that engaged in drug trafficking, extortion, and acts of violence, and dropped the reference to "Stoners" in their name.

Indictment – Page 2

3.      As members were arrested and incarcerated, they encountered members of the Mexican Mafia, commonly referred to as "la Eme" (which translates in English to "the M"), which controlled large portions of the Hispanic prison population in California.  In order to gain protection while in prison, Mara Salvatrucha members pledged loyalty to the Mexican Mafia, and added the number 13 to their name – marking the 13th letter ("M") of the alphabet, as a symbol of respect for the Mexica Mafia – which became "La Mara Salvatrucha 13," or "MS-13."  In addition to the Mexican Mafia, MS-13 also developed a symbiotic relationship with the Sureños, which is a close association of Hispanic gangs that pay tribute to the Mexican Mafia while incarcerated in federal and state prisons in the United States.  Sureños members, falling under the Mexican Mafia's command and control structure while incarcerated in federal or state prison, offered protection to MS-13 members while incarcerated in the United States.

4.      Ultimately, thousands of MS-13 members who had committed crimes in the United States were deported to El Salvador and other Central American countries.  These deported MS-13 members brought MS-13 to El Salvador, Honduras, and Guatemala where it began to grow dramatically.   MS-13 also expanded in the United States as members from El Salvador immigrated throughout the United States.  Eventually, MS-13 grew to include tens of thousands of members in El Salvador, Honduras, Guatemala, Mexico, the United States, and elsewhere.  In the United States, MS-13 grew to include thousands of members located in dozens of states, including Texas, New York, Massachusetts, Virginia, Maryland, and California, and throughout the federal and state prison systems.

5.      Until recently, the relationship between MS-13 and the Mexican Mafia/ Sureños was a mutually beneficial one: MS-13 members incarcerated in federal and state prisons received protection from the Mexican Mafia/Sureños (whose incarcerated members usually outnumbered MS-13's incarcerated members by a significant amount) and the Mexican Mafia/Sureños received financial remuneration and had additional individuals to carry out acts of violence inside and outside the prison system. As detailed further herein, however, that symbiotic relationship recently began to fall apart as MS-13's leadership in El Salvador sought to exert more control and independence of its own members while incarcerated in prisons within the United States.

### Structure and Operation of the Enterprise

6.      The structure and operation of MS-13 included, but was not limited to, the following:

a.      MS-13 was organized into groups known as "cliques" that held regular meetings to coordinate gang activities. Each clique was run by a senior leader, who was designated the "Primera Palabra," or "First Word," and, in some cases, a second-in-command, who was designated the "Segunda Palabra" or "Second Word." The other members and associates of the clique took their orders from the First Word or Second Word. The leaders of the respective cliques attended larger general meetings to manage gang operations on a regional and international level. Some cliques had members in multiple countries, including in both the United States and El Salvador or other Central American countries.

Indictment – Page 4

b.      MS-13 cliques were organized together under umbrella groups, called "Programs."  Cliques within a Program were responsible for assisting one another with firearms, drug trafficking connections, territorial disputes with rival gangs, and providing safe havens for members who were wanted by law enforcement. Programs were supervised and directed by Program leaders based in El Salvador, commonly referred to as "Corredors."  These Programs included control of cliques located in the United States.

c.      Programs reported up to the highest level of leadership of MS-13 in El Salvador, known as the Ranfla Nacional, which operated the gang as a type of Board of Directors from a worldwide perspective, ordering significant acts of violence that the Ranfla Nacional deemed to be in MS-13's best interests.  The Ranfla Nacional used this hierarchical command and control structure as a means to effectuate the gang's decisions and enforce their orders, including orders to commit murders, even while in prison.

### The Racketeering Enterprise

7.      MS-13, including its leaders, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2) (hereafter "the enterprise"), that is a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

8.      The purposes of the enterprise included, but were not limited to, the following:

a.      Preserving and protecting the power, territory, reputation, and profits of the Enterprise and its members and associates through acts and threats involving murder;

b.      keeping victims, potential victims, and community members in fear of the Enterprise through acts and threats of violence;

c.      providing financial support and information to members and associates of the Enterprise, including those who are incarcerated in the United States and El Salvador;

d.      providing assistance to members and associates who committed crimes for and on behalf of the Enterprise;

e.      enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics and money laundering;

f.      promoting and enhancing the Enterprise and the activities of its members and associates; and

g.      protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

Indictment – Page 6

## Means and Methods of the Enterprise

9.    The means and methods by which the leaders, members, and associates conducted and participated in the conduct of the affairs of the enterprise included the following:

a.    The leaders of the enterprise directed, sanctioned, approved, and permitted other members and associates to carry out acts in furtherance of the enterprise;

b.    members and associates of the enterprise committed, conspired to commit, attempted, and threatened to commit acts involving murder, assault, and witness intimidation to protect the enterprise's power, territory, and property;

c.    to generate income and build reputation, enterprise members and associates engaged in illegal activities under the protection of the enterprise, including, but not limited to, controlled substances trafficking;

d.    for protection, attacks, and armed combat, enterprise members and associates in prisons acquired, carried, and used sharp, knife-like objects, or shanks;

e.    members and associates of the enterprise employed and used gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang; and

f.    to perpetuate the enterprise and to maintain and extend their power, members and associates of the enterprise committed acts involving murder, witness intimidation, and assault against individuals who posed a threat to the enterprise or jeopardized its operations, rival organizations, MS-13 members, and witnesses to illegal activities of the enterprise.

Indictment – Page 7

## The Racketeering Conspiracy

10.    Beginning in or about 2019 and continuing through on or about the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants:

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS,  a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME"

and others known and unknown, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in 18 U.S.C. §§ 1961(1) and (5), consisting of multiple:

a.    Acts involving murder, attempted murder, and conspiracy to commit murder, in violation of Texas Penal Code, Sections 19.03, 19.02, 19.01, 7.01, 7.02, 15.01, 15.02, 15.03.

It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Indictment – Page 8

## OVERT ACTS

11.    In furtherance of the conspiracy and to achieve the objectives thereof, the defendants, and others known and unknown, performed and caused to be performed the following overt acts ("OA"), among others, in the Eastern District of Texas and elsewhere:

OA-1. In or about January 2022, at a federal prison in Beaumont, Texas, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, agreed to murder members and associates of the Sureños and Mexican Mafia gangs.

OA-2. On or about January 31, 2022, at a federal prison in Beaumont, Texas, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/ka/ "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, murdered Guillermo Riojas, a Sureños member and Mexican Mafia associate.

OA-3. On or about January 31, 2022, at a federal prison in Beaumont, Texas, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS

Indictment – Page 9

MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, murdered Andrew Pineda, a Sureños member.

OA-4. On or about January 31, 2022, at a federal prison in Beaumont, Texas, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, repeatedly stabbed and attempted to murder Sureños member 1, an individual known to the Grand Jury.

OA-5. On or about January 31, 2022, at a federal prison in Beaumont, Texas, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, repeatedly stabbed and attempted to murder Sureños member 2, an individual known to the Grand Jury.

Indictment – Page 10

## NOTICE OF SPECIAL SENTENCING FACTORS

12. On or about January 31, 2022, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/ka/ "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, while aiding and abetting each other, did intentionally and knowingly cause the death of Guillermo Riojas, in violation of Texas Penal Code, Sections 19.02, 19.01, 7.01, and 7.02.

13. On or about January 31, 2022, in the Eastern District of Texas, JUAN CARLOS RIVAS-MOREIERA, a/ka/ "JUAN CARLOS MORIERA," a/k/a "STOCKY," DIMAS ALFARO-GRANADOS, a/k/a "TORO," RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE," LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO," JORGE PARADA, a/k/a "RAMA," HECTOR RAMIRES, a/k/a "CUERVO," and SERGIO SIBRIAN, a/k/a "ANYTIME," and others known and unknown, while aiding and abetting each other, did intentionally and knowingly cause the death of Andrew Pineda, in violation of Texas Penal Code, Sections 19.02, 19.01, 7.01, and 7.02.

All in violation of 18 U.S.C. § 1962(d).

## THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT TWO
*Violent Crimes in Aid of Racketeering, Murder*

14. Paragraphs ONE through NINE of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. At all times relevant to this Indictment, the above-described Enterprise, MS-13, through its members and associates, engaged in racketeering activity as defined in Title

Indictment – Page 11

18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder chargeable under the laws of Texas.

16.    On or about January 31, 2022, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, the defendants,

> JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
> a/k/a "STOCKY,"
> DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
> RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
> LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
> JORGE PARADA, a/k/a "RAMA,"
> HECTOR RAMIRES, a/k/a "CUERVO," and
> SERGIO SIBRIAN a/k/a "ANYTIME"

and others known and unknown, while aiding and abetting each other, did intentionally and knowingly murder Guillermo Riojas, in violation of Texas Penal Code, Sections 19.02, 19.01, 7.01, and 7.02.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT THREE
*Violent Crimes in Aid of Racketeering, Murder*

17.    Paragraphs ONE through NINE and FIFTEEN of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

18.    On or about January 31, 2022, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, the defendants,

Indictment – Page 12

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME"

and others known and unknown, while aiding and abetting each other, did intentionally and knowingly murder Andrew Pineda, in violation of Texas Penal Code, Sections 19.02, 19.01, 7.01, and 7.02.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT FOUR
*Violent Crimes in Aid of Racketeering, Conspiracy to Commit Murder*

19.    Paragraphs ONE through NINE and FIFTEEN of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

20.    In or about January 2022, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME"

Indictment – Page 13

and others known and unknown, did conspire to murder members of the Mexican Mafia and Sureños gangs at a federal prison in Beaumont, Texas, in violation of Texas Penal Code Sections 19.02, 19.01, and 15.02.

All in violation of 18 U.S.C. § 1959(a)(5).

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT FIVE
*Violent Crimes in Aid of Racketeering, Attempted Murder and Assault with a Dangerous Weapon*

21.    Paragraphs ONE through NINE and FIFTEEN of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

22.    On or about January 31, 2022, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME"

and others known and unknown, intentionally and knowingly attempted to murder Sureños member 1, and did assault Sureños member 1 with a dangerous weapon, in violation of Texas Penal Code Sections 19.01, 19.02, 15.01, 15.02, 7.01, 7.02, and 22.02.

All in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5), and 2.

Indictment – Page 14

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT SIX
*Violent Crimes in Aid of Racketeering, Attempted Murder and Assault with a Dangerous Weapon*

23.     Paragraphs ONE through NINE and FIFTEEN of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

24.     On or about January 31, 2022, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA,"
a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME"

and others known and unknown, intentionally and knowingly attempted to murder Sureños member 2, and did assault Sureños member 2 with a dangerous weapon, in violation of Texas Penal Code Sections 19.01, 19.02, 15.01, 15.02, 7.01, 7.02, and 22.02.

All in violation of 18 U.S.C. §§ 1959(a)(3), 1959(a)(5), and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT SEVEN
*Murder in a Federal Facility*

Indictment – Page 15

25.   On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a/ "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, did, with premeditation and malice aforethought, willfully, deliberately, and unlawfully kill and murder Guillermo Riojas.

All in violation of 18 U.S.C. §§ 1111, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT EIGHT
*Murder in a Federal Facility*

26.   On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"

HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, did, with premeditation and malice aforethought, willfully, deliberately, and unlawfully kill and murder Andrew Pineda.

All in violation of 18 U.S.C. §§ 1111, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT NINE
*Conspiracy to Commit Murder in a Federal Facility*

27.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, did knowingly, willfully, and unlawfully conspire and agree with each other and with other persons unknown to the grand jury to kill, with premeditation and malice aforethought members of the Mexican Mafia and Sureños gangs.

All in violation of 18 U.S.C. §§ 1111, 1117, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT TEN
*Murder by a Federal Prisoner*

28.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO," and
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"

and others known and unknown, aiding and abetting each other, while confined in a Federal correctional institution under a sentence for a term of life imprisonment, did, with premeditation and malice aforethought, willfully, deliberately, and unlawfully kill and murder Guillermo Riojas.

All in violation of 18 U.S.C. §§ 1111, 1118, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT ELEVEN
*Murder by a Federal Prisoner*

29.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

Indictment – Page 18

JUAN CARLOS RIVAS-MOREIERA, a/k/a "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
and RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"

and others known and unknown, aiding and abetting each other, while confined in a Federal correctional institution under a sentence for a term of life imprisonment, did, with premeditation and malice aforethought, willfully, deliberately, and unlawfully kill and murder Andrew Pineda.

In violation of 18 U.S.C. §§ 1111, 1118, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

**COUNT TWELVE**
*Attempted Murder in a Federal Facility*

30.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a/ "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, intentionally and knowingly attempted to murder Sureños member 1.

All in violation of 18 U.S.C. §§ 1113, and 2.

Indictment – Page 19

THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT THIRTEEN
*Attempted Murder in a Federal Facility*

31.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a/ "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, intentionally and knowingly attempted to murder Sureños member 2.

All in violation of 18 U.S.C. §§ 1113, and 2.


THE UNITED STATES GRAND JURY FURTHER CHARGES

## COUNT FOURTEEN
*Assault with Intent to Do Bodily Harm in a Federal Facility*

32.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a/ "JUAN CARLOS MORIERA," a/k/a "STOCKY,"

Indictment – Page 20

DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, did assault Sureños member 1 with a dangerous weapon with intent to do bodily harm.

All in violation of 18 U.S.C. §§ 113, and 2.

THE UNITED STATES GRAND JURY FURTHER CHARGES

**COUNT FIFTEEN**
*Assault with Intent to Do Bodily Harm in a Federal Facility*

33.    On or about January 31, 2022, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas),  the defendants,

JUAN CARLOS RIVAS-MOREIERA, a/k/a/ "JUAN CARLOS MORIERA," a/k/a "STOCKY,"
DIMAS ALFARO-GRANADOS, a/k/a "TORO,"
RAUL LANDAVERDE-GIRON, a/k/a "DECENTE," a/k/a "HUMILDE,"
LARRY NAVARETE, a/k/a "NICA," a/k/a "EL SOCIO,"
JORGE PARADA, a/k/a "RAMA,"
HECTOR RAMIRES, a/k/a "CUERVO," and
SERGIO SIBRIAN, a/k/a "ANYTIME,"

and others known and unknown, aiding and abetting each other, did assault Sureños member 2 with a dangerous weapon with intent to do bodily harm.

All in violation of 18 U.S.C. §§ 113, and 2.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____
CHRISTOPHER A. EASON
Assistant United States Attorney

_____ 4-6-22 _____
Date

JACOB WARREN
Special Assistant United States Attorney

STEWART M. YOUNG
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:22-CR 27 |
| v. | § | |
| | § | *Crone - Hawthorn* |
| JUAN CARLOS RIVAS-MOREIERA, | § | |
|     a/k/a "JUAN CARLOS MORIERA," | § | |
|     a/k/a "STOCKY"; (1) | § | |
| DIMAS ALFARO-GRANADOS, | § | |
|     a/k/a "TORO"; (2) | § | |
| RAUL LANDAVERDE-GIRON, | § | |
|     a/k/a "DECENTE"; | § | |
|     a/k/a "HUMILDE"; (3) | § | |
| LARRY NAVARETE, | § | |
|     a/k/a "NICA"; | § | |
|     a/k/a "EL SOCIO"; (4) | § | |
| JORGE PARADA, | § | |
|     a/k/a "RAMA"; (5) | § | |
| HECTOR RAMIRES, | § | |
|     a/k/a "CUERVO"; (6) and | § | |
| SERGIO SIBRIAN | § | |
|     a/k/a "ANYTIME" (7) | § | |

## Notice of Penalty

### Count One

| | |
|---|---|
| Violation: | 18 U.S.C. § 1962(d) |
| Penalty: | Imprisonment of up to life, a fine not to exceed $250,000, or both, and supervised release of not more than five years |
| Special Assessment: | $100.00 |

**Notice of Penalty – Page 1**

## Counts Two through Three

Violation:          18 U.S.C. § 1959(a)(1)

Penalty:            Death or imprisonment of up to life, a fine not to exceed $250,000, or both, and supervised release of not more than five years

Special Assessment: $100.00

## Count Four

Violation:          18 U.S.C. § 1959(a)(5)

Penalty:            Imprisonment of up to ten years, a fine not to exceed $250,000, or both, and supervised release of not more than three years

Special Assessment: $100.00

## Counts Five through Six

Violation:          18 U.S.C. §§ 1959(a)(3) and (a)(5)

Penalty:            Imprisonment of up to twenty years, a fine not to exceed $250,000, or both, and supervised release of not more than five years

Special Assessment: $100.00

## Counts Seven through Eight

Violation:          18 U.S.C. § 1111

Penalty:            Death or imprisonment up to life, a fine not to exceed $250,000, or both, and supervised release of not more than five years

Special Assessment: $100.00

Notice of Penalty – Page 2

## Count Nine

Violation:        18 U.S.C. §§ 1111, 1117

Penalty:          Imprisonment up to life, a fine not to exceed $250,000, or both; and a term of supervised release of not more than five years.

Special Assessment: $100.00

## Counts Ten through Eleven

Violation:        18 U.S.C. §§ 1111, 1118

Penalty:          Death or imprisonment up to life, a fine not to exceed $250,000, or both; and a term of supervised release of not more than five years.

Special Assessment: $100.00

## Counts Twelve through Thirteen

Violation:        18 U.S.C. § 1113

Penalty:          Imprisonment up to twenty years, a fine not to exceed $250,000, or both; and a term of supervised release of not more than five years.

Special Assessment: $100.00

## Counts Fourteen through Fifteen

Violation:        18 U.S.C. § 113

Penalty:          Imprisonment up to ten years, a fine not to exceed $250,000, or both; and a term of supervised release of not more than three years.

Special Assessment: $100.00